UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD J. PARK, on behalf of Friedman \| Rubin PLLP,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>　　　　Defendant. | NO.<br><br>COMPLAINT |

COMES NOW plaintiff, by and through the undersigned attorneys for causes of action against defendant and alleges as follows.

## I.   INTRODUCTION

1.1   This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of records concerning the October 1, 2017 mass shooting (the "Shooting") committed by Stephen Paddock at the Route 91 Harvest Festival in Las Vegas, Nevada.

COMPLAINT FOR DAMAGES - Page 1
No.

FRIEDMAN | RUBIN
1126 HIGHLAND AVENUE
BREMERTON, WA 98337
(360) 782-4300

## II. PARTIES

2.1 Plaintiff Ronald J. Park is an attorney whose principal place of business is Friedman | Rubin PLLP at 1126 Highland Avenue, Bremerton, Washington 98337.

2.2 Friedman | Rubin PLLP represents Ann-Marie Parsons, individually, and James Parsons, individually and as the personal representative of the Estate of Carolyn Lee ("Carrie") Parsons.

2.3 Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is a federal law enforcement agency in the United States Department of Justice based in Washington, DC. The mission of the ATF, among other things, is to protect communities from violent criminals and the illegal use and trafficking of firearms.

## III. JURISDICTION & VENUE

3.1 This Court has jurisdiction over this action, and venue is appropriate, under 5 U.S.C. § 552(a)(4)(B).

## IV. FACTS

4.1 On October 1, 2017, Stephen Paddock used assault rifles, many of which were equipped with bump stocks, to rain gunfire down on concertgoers attending the Route 91 Harvest Festival in Las Vegas, Nevada.

4.2 Hundreds of people were shot, hundreds more were trampled, and thousands suffer from emotional distress resulting from the Shooting.

4.3 Of the hundreds shot, fifty-eight were killed.

4.4 Carrie Parsons was one of those shot and killed.

4.5 The guns, bump stocks, equipment, tools, electronics, bags, and all other items used by Paddock were collected by law enforcement as part of their investigation of the Shooting.

4.6 The ATF assisted in gathering information related to the firearms owned by Paddock.

4.7 The ATF also provided investigative support by following up on leads provided to law enforcement and conducted interviews.

COMPLAINT FOR DAMAGES - Page 2
No.

FRIEDMAN | RUBIN
1126 HIGHLAND AVENUE
BREMERTON, WA 98337
(360) 782-4300

4.8     Law enforcement investigators, including the ATF, drafted and served court orders pertaining to the investigation and compiled the data learned through those orders.

4.9     Investigators traced ownership history of the firearms recovered during the investigation.

4.10    All firearms were traced directly to Paddock, and he was the original purchaser on forty-eight of the firearms. Of the firearms where Paddock was not the original purchaser, investigators were able to trace the sale of the firearms to Paddock.

4.11    Of the rifles recovered from the scene of the Shooting, fourteen were found to have been fired.

4.12    On August 3, 2018, the Las Vegas Metropolitan Police Department ("LVMPD") released an investigative report of the Shooting. The report is attached as **Exhibit 1**.

4.13    The LVMPD's report contains a paragraph at the bottom of page 120 titled "Firearms." That paragraph reads:

> Paddock purchased at least 67 firearms since the early 1980s. Between 1982 and 2001 Paddock purchased 17 handguns. Beginning in October of 2016, Paddock began buying firearms at a faster rate, consisting mainly of rifles. Of the 67 firearms known to law enforcement, 24 were recovered inside the Mandalay bay, 18 were recovered in Paddock's Mesquite residence and seven were recovered in Paddock's Reno residence. Of the firearms Paddock purchased, 18 are unaccounted for. It is unknown if these firearms were sold or traded.

This paragraph ends with a footnote that states: "Information obtained by the ATF."

4.14    Friedman | Rubin PLLP, in conjunction with other law firms, recently filed suit on behalf of Ann-Marie Parsons and James Parsons (the "Parsons") against the manufacturers of the guns Paddock used to commit the Shooting.

4.15    To litigate the suit, it is necessary to attempt to identify the seller(s) of the fourteen rifles Paddock used to commit the Shooting. This is information exclusively within ATF's possession and control. The LVMPD's report states at the top of page 74 that information the ATF gathered from its legal processes remains with the ATF.

COMPLAINT FOR DAMAGES - Page 3
No.

FRIEDMAN | RUBIN
1126 HIGHLAND AVENUE
BREMERTON, WA 98337
(360) 782-4300

4.16    The ATF provides instructions for submitting a FOIA request at https://www.atf.gov/resource-center/freedom-information-act-foia (last visited on July 18, 2019).

4.17    The ATF instructs requesters to "[p]rovide a detailed description of the records you are requesting ? provide a date or date range for your request, and/or indicate the ATF System of Records where you believe the records would reside."

4.18    The ATF further instructs requesters that they "may mail, fax or email [their] request[s]." Emailed requests are to be sent to foiamail@atf.gov.

4.19    On May 23, 2019, plaintiff, on behalf of Friedman | Rubin PLLP, wrote to the ATF by email at foiamail@atf.gov requesting: "The records identifying the seller(s) of the rifle to Stephen Paddock for the 14 rifles he used in committing a mass shooting on October 1, 2017 in Las Vegas, Nevada." The request is attached as **Exhibit 2**.

4.20    Plaintiff included excerpts of the LVMPD's investigative report to assist the ATF in complying with the request.

4.21    Plaintiff wrote that, "[b]ased on the description of the ATF's System of Records beginning at 68 Fed. Reg. 3551, we believe that the requested records are likely to be found in ATF-003, Criminal Investigation Report System; ATF-008, Regulatory Enforcement Record System; and/or ATF-009, Technical and Scientific Services Record System."

4.22    On June 14, 2019, plaintiff wrote to the ATF by email at foiamail@atf.gov to follow up on his May 23 request and to seek a status update. The email is attached as **Exhibit 3**.

4.23    On June 28, 2019, plaintiff wrote to the ATF again, this time by both email at foiamail@atf.gov and by fax at (202) 648-9619, to follow up on his May 23 request and to seek a status update. This correspondence is attached as **Exhibit 4**. Plaintiff addressed his correspondence specifically to Mr. Peter Chisholm, Acting Chief of the Disclosure Division as identified on the U.S. Department of Justice's FOIA website at https://www.foia.gov/foia/FoiaPrint.jsp?Type=filing&Format=5 (last visited on July 18, 2019).

COMPLAINT FOR DAMAGES - Page 4
No.

FRIEDMAN | RUBIN
1126 HIGHLAND AVENUE
BREMERTON, WA 98337
(360) 782-4300

4.24   On July 1, 2019, the ATF replied to plaintiff's June 28 email stating only: "I forwarded your email to Mr. Chisholm.  He is out of the office until July 8, 2019.  Your file number is 2019-1033." The ATF's email is attached as **Exhibit 5**.

4.25   On July 11, 2019, plaintiff sent a follow-up email to Mr. Chisholm inquiring into the status of his request and noting that the statutory time-period for making a determination on the request had passed.  The email is attached as **Exhibit 6**.

4.26   Aside from its July 1 email, the ATF has not responded in any way to plaintiff's request.  The ATF has not produced any of the records requested, nor has the ATF formally denied plaintiff's request, claimed that any FOIA exemptions apply, or otherwise advised plaintiff regarding his request.

## V.   CAUSES OF ACTION

**A.  Violation of the Freedom of Information Act, 5 U.S.C. § 552**

5.1   Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint as though set forth in full.

5.2   5 U.S.C. § 552(a)(6) requires an agency to:

(i)   determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of—

(I)   such determination and the reasons therefor . . . .

5.3   An agency may withhold information only under the circumstances described in 5 U.S.C. §§ 552(a)(8), 552(b), or 552(c).

5.4   Under 5 U.S.C. § 552(a)(6)(C)(i), "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."

COMPLAINT FOR DAMAGES - Page 5
No.

FRIEDMAN | RUBIN
1126 HIGHLAND AVENUE
BREMERTON, WA 98337
(360) 782-4300

5.5 To date, the ATF has not made any determination as required under 5 U.S.C. § 552(a)(6), and more than 20 days have passed since the ATF received plaintiff's initial FOIA request.

5.6 To date, the ATF has not identified any basis for withholding the requested information from plaintiff.

## VI.   PRAYER FOR RELIEF

6.1 Plaintiff requests that this Court:

a. Order defendant to make the requested records available to plaintiff without any redactions;

b. Award plaintiff his costs and reasonable attorney's fees as provided by 5 U.S.C. § 552(a)(4)(E); and

c. Grant such order and further relief as this Court may deem just and proper.

Dated this 26th day of August, 2019.

FRIEDMAN | RUBIN PLLC

By /s/ Ronald J. Park
Ronald J. Park, WSBA #54372
Richard H. Friedman, WSBA #30626
1126 Highland Avenue
Bremerton, WA 98337
Phone: (360) 782-4300
rpark@friedmanrubin.com
rfriedman@friedmanrubin.com

COMPLAINT FOR DAMAGES - Page 6
No.

FRIEDMAN | RUBIN
1126 HIGHLAND AVENUE
BREMERTON, WA 98337
(360) 782-4300